UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )　No.:　3:12-CR-112-TAV-HBG-1 |
| | ) |
| TONY EDWIN MCCLURG, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's pro se motion [Doc. 89] requesting the Court require the government to show cause as to why defendant's indictment and conviction do not violate the Fifth and Sixth Amendments. Defendant presents several arguments as to why the indictment, and subsequent conviction, against him are invalid.

"Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence[.]" *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Specifically, § 2255 allows a federal prisoner to "vacate, set aside or correct the sentence" if it was imposed in violation of the Constitution or laws of the United States, the Court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Accordingly, defendant's challenges to his conviction and sentence under the Constitution are most properly brought pursuant to § 2255.

However, defendant previously filed a § 2255 motion, which was adjudicated on the merits [Docs. 25, 27, 34, 35]. Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner cannot file a second or successive § 2255 motion in this Court until he has moved in the Sixth Circuit Court of Appeals for an order authorizing this Court to consider the motion. 28 U.S.C. § 2255(h). The Court has not received any such order.

Nevertheless, liberally construing his motion in light of his *pro se* status, the Court will construe defendant's motion [Doc. 89] as a request to file a second or successive § 2255 motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'" (internal citation omitted)). Accordingly, the Clerk is **DIRECTED** to **TRANSFER** this motion [Doc. 89] to the Sixth Circuit under 28 U.S.C. § 1631 for authorization. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the appellate] court, the district court shall transfer the document to [the appellate] court").

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE